OPINION
Appellants Michael and Linda Davis appeal a judgment of the Licking County Juvenile Court dismissing their motion for legal custody of Jacob Gregory Gainer:
 ASSIGNMENT OF ERROR THE DISMISSAL OF THE APPELLANTS' MOTION FOR LEGAL CUSTODY SUA SPONTE BY THE LOWER COURT WITHOUT A FULL HEARING WAS A DENIAL OF THE APPELLANTS DUE PROCESS RIGHTS AS GUARANTEED BY THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.
Jacob Gainer was born on January 20, 1999, and is the natural child of Amanda Gainer. On May 21, 1999, Amanda placed the child in appellants' home. This placement did not occur through a properly licensed private or public agency, and the child was placed by the mother without the knowledge or consent of the father.
On July 29, 1999, appellants filed a petition for adoption of Jacob in the Licking County Probate Court. The court dismissed the adoption petition, finding that the placement of the child in appellants' home by the biological mother was an illegal placement pursuant to R.C. 5103.16
(D). The court directed the Licking County Department of Human Services to investigate the matter and take whatever action necessary to protect the child and serve the child's best interests.
On October 19, 1999, the child was removed from the appellants' home. The next day, the Department of Human Services filed a complaint alleging that Jacob was neglected and/or dependent. Following a shelter-care hearing, DHS was granted temporary custody of Jacob.
On October 25, 1999, appellants filed a motion to intervene as a party, a motion to view the court file, and a motion for legal custody of Jacob. The court set a non-oral hearing for November 3, on the motion to intervene and the motion to view the court file. On November 4, the court overruled the motion to intervene and to inspect the court file. The court then sua sponte dismissed the motion for legal custody. Appellants filed a notice of appeal, assigning error solely to the dismissal of the motion for legal custody without a hearing.
 I
Appellants filed their motion for legal custody pursuant to R.C.2151.353:
 (A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
 (3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child.
Appellants argue that the court denied their constitutional right to procedural due process by dismissing their motion, filed pursuant to the statute, without a hearing. Appellants argue that at the very least, the court should have set the matter for non-oral hearing.
To establish a procedural due process violation, it must be shown that the conduct complained of deprived appellants of a liberty or property interest without adequate procedural safeguards. Bd. of Regents of StateColleges v. Roth (1972), 408 U.S. 564, 569. Courts have found that a parent-child relationship gives rise to a protected liberty interest, and when the State seeks to separate a parent from his or her child, procedural safeguards are required to protect this liberty interest.Lassiter v. Department of Social Services (1981), 452 U.S. 18, 27.
In the instant action, appellants do not have a protected liberty interest in the relationship with Jacob. Appellants are not the natural parents of Jacob, nor are they related by blood or marriage. Their only connection to the child is through a placement, made by the natural mother, which was accomplished without compliance with applicable law. Five months of physical placement, deemed an illegal placement by the Probate Court, does not rise to the level of a constitutionally protected liberty interest.
The statute in question allows anyone to file a motion seeking legal custody when a child is adjudicated to be dependent, neglected, or abused. However, this statute does not convey on the person filing such motion the status of a party to the action. In the instant case, appellants' motion to intervene was overruled, and appellants do not claim error in this judgment. As appellants had no familial relationship to the child, and were not a party to the action, it was within the discretion of the juvenile court to determine whether a hearing was necessary on their motion for legal custody. The court did not abuse its discretion in dismissing the petition without a hearing. Based on the information before the court on the non-oral hearing on the motion to intervene, the court concluded that appellants were not related to the child by blood or marriage, and the child's placement with them was contrary to law. In addition, the physical placement was contingent upon parental consent, and Amanda Gainer had withdrawn such consent. The court had no evidence that Amanda Gainer abandoned the child, or relinquished her rights. The court further concluded that given appellants' history with DHS, the physical placement of the child with appellants was contrary to the child's best interest. The court did not abuse its discretion in dismissing the motion for custody without a hearing.
The assignment of error is overruled.
The judgment of the Licking County Common Pleas Court, Juvenile Division, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court, Juvenile Division, is affirmed.
 _________________ Gwin, P.J.
Hoffman, J., concur, Edwards, J., concurs separately.